UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE MILLS,<br><br>          Petitioner,<br><br>          v.<br><br>U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT,<br><br>          Respondent. | Case No. CV 18-5354-RGK (KK)<br><br>ORDER SUMMARILY DISMISSING PETITION AS DUPLICATIVE |

Petitioner Kenneth Wayne Mills ("Petitioner"), proceeding pro se, has now filed five Petitions for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 challenging the same conviction on the same ground. ECF Docket No. ("Dkt.") 1. For the reasons set forth below, this Court dismisses the instant Petition as duplicative.

## I.

## **PROCEDURAL HISTORY**

**A.  STATE COURT PROCEEDINGS**

Petitioner was convicted of mayhem and assault in Los Angeles County Superior Court arising out of an incident on March 3, 2005 while he was a patient at Metropolitan State Hospital in Norwalk, California. See People v. Mills, No.

B247127, 2014 WL 3509975, at *1 (Cal. Ct. App. July 16, 2014).[1] Petitioner was sentenced to a term of twenty-one years in state prison. Id. On July 16, 2014, the California Court of Appeal affirmed the conviction. Id. Petitioner does not appear to have filed a petition for review with the California Supreme Court.

**B.   FEDERAL HABEAS PROCEEDINGS**

On April 17, 2017, Petitioner constructively filed a habeas petition in the Eastern District of California Case No. 2:17-cv-873-JAM-EFB ("First Petition"). Mills v. California Department of Corrections and Rehabilitation, CV 17-6748-CBM (KK), Dkt. 1. The First Petition challenged Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Id. at Dkt. 23. While the relief sought was not entirely clear from the face of the First Petition, Petitioner argued he was "illegally imprison[ed]". Therefore, on September 12, 2017, after numerous opportunities to clarify for the Court the relief sought, the First Petition was construed as a habeas petition, transferred to this Court, and assigned case number CV 17-6748-CBM (KK). Id. at Dkt. 25.

On October 8, 2017, Petitioner filed another habeas petition in the Eastern District of California Case No. 2:17-cv-2099-DB-HC ("Second Petition"). Mills v. United States District Court Eastern District of California, CV 18-2785-CBM (KK). The Second Petition also challenged Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Id. at Dkt. 1.

On October 18, 2017, Petitioner filed a habeas petition in this Court, which received case number CV 17-7901-CBM (KK) ("Third Petition"). Mills v. California Department of Corrections, CV 17-7901-CBM (KK), Dkt. 1. The Third

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).

Petition challenged Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing. Id. Petitioner again argued he was "illegally imprison[ed]". Id.

On December 4, 2017, the First Petition and Third Petition were consolidated and dismissed with prejudice as untimely. See CV 17-6748-CBM (KK), Dkts. 36, 37, 38; see also Mills v. California Dep't of Corr. & Rehab., No. CV 17-6748-CBM (KK), 2017 WL 6048907, at *1 (C.D. Cal. Oct. 31, 2017), report and recommendation adopted, 2017 WL 6060595 (C.D. Cal. Dec. 4, 2017).

On February 26, 2018, Petitioner constructively filed a notice clarifying that the relief he was seeking in the Second Petition was a jury trial and $160,000 because he had been "illegally incarcerated." Mills v. United States District Court Eastern District of California, CV 18-2785-CBM (KK), Dkt. 9.

On April 4, 2018, the Second Petition was transferred to this Court from the Eastern District of California and assigned case number CV 18-2785-CBM (KK). Id. at Dkt. 10. In the Order transferring the Second Petition to this Court, the Eastern District instructed Petitioner that if he was seeking to pursue a civil rights action, he must file a new action using the appropriate form for a civil rights complaint. Id. at 1 n.1.

On April 9, 2018, Petitioner constructively filed a habeas petition in this Court, which was assigned case number CV 18-3338-RGK (KK) ("Fourth Petition"). Mills v. Warden, CV 18-3338-RGK (KK). The Fourth Petition again appears to challenge Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing and denial of a jury trial. Id. at Dkts. 1, 3, 5. Petitioner again argues he was "illegally imprison[ed]" and seeks a jury trial. Id. at Dkt. 1.

On April 18, 2018, this Court summarily dismissed the Second Petition as duplicative of the First and Third Petitions. Mills v. United States District Court Eastern District of California, CV 18-2785-CBM (KK), Dkts. 15, 16.

On June 4, 2018, Petitioner constructively filed the instant habeas petition in this Court, which was assigned case number CV 18-5354-RGK (KK) ("Fifth Petition"). Mills v. U.S. District Court for the Central District, CV 18-5354-RGK (KK), Dkt. 1. The instant Fifth Petition again challenges Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on denial of counsel at a competency hearing and denial of a jury trial. Id. Petitioner again argues he is "illegally imprisoned" and in addition to a jury trial before a United States District Judge, Petitioner seeks $18,000,000. Id. at 4, 8.

## II.
## DISCUSSION

A district court may dismiss an action as duplicative after weighing the equities of the case. Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904, 128 S. Ct. 2161, 171 L. Ed. 2d 155 (2008); see also Fordjour v. Mueller, No. 1:08-CV-01143-OWW-SMS (HC), 2008 WL 4104298, at *1 (E.D. Cal. Sept. 3, 2008), report and recommendation adopted, 2008 WL 4661028 (E.D. Cal. Oct. 21, 2008) (dismissing as duplicative a habeas petition challenging the same conviction on the same grounds as a prior petition).

Here, the instant Fifth Petition challenges Petitioner's conviction for mayhem and assault in Los Angeles County Superior Court based on the denial of counsel at a competency hearing and denial of a jury trial. Petitioner, once again, argues he was illegally imprisoned. The instant Fifth Petition, thus, challenges the same conviction on the same grounds and seeks the same relief as the First and Third Petitions, which were dismissed with prejudice as untimely. Hence, this Court dismisses the instant Petition as duplicative.

Additionally, to the extent Petitioner seeks to file a civil rights complaint pursuant to 42 U.S.C. § 1983, Petitioner has been advised on multiple occasions

that he must file civil rights actions separately using the appropriate form.² See Mills v. United States District Court Eastern District of California, CV 18-2785-CBM (KK), Dkts. 10, 15.  Moreover, damages are not available in federal habeas corpus proceedings.  See Nettles v. Grounds, 830 F.3d 922, 930 (9th Cir. 2016), cert. denied, 137 S. Ct. 645, 196 L. Ed. 2d 542 (2017) (holding "where the relief sought would 'neither terminat[e] custody, accelerat[e] the future date of release from custody, nor reduc[e] the level of custody," such claims may "not be brought in habeas corpus but must be brought, 'if at all' under § 1983").  Finally, to the extent Petitioner were to seek damages in a civil rights action alleging the invalidity of his conviction, his claim would be barred because he has not alleged his conviction has been invalidated.  Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) (holding that in order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or for other harm caused by actions the unlawfulness of which would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated).

### III.
### ORDER

IT IS THEREFORE ORDERED THAT Judgment be entered dismissing this action with prejudice as duplicative.

Dated: July 11, 2018

HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

---

² Notably, Petitioner has indicated his ability to comply with the requirement to separately file civil rights complaints by filing civil rights actions on the appropriate civil rights forms.  See, e.g., Mills v. Los Angeles Superior Court, et al., CV 18-4907-RGK (KK); Mills v. Los Angeles Superior Court, et al., CV 17-9120-CBM (KK).